**COPYLEASE CORPORATION OF AMERICA, Plaintiff,**

v.

**MEMOREX CORPORATION, Defendant.**

No. 75 Civ. 2455.

United States District Court, S. D. New York.

July 10, 1975.

Gordon, Hurwitz, Butowsky & Baker, Bergreen & Bergreen, New York City, for plaintiff.

Cahill, Gordon & Reindel, New York City, for defendant.

## MEMORANDUM

LASKER, District Judge.

In this suit for specific performance of a contract, Copylease Corporation of America (Copylease) moves for preliminary relief requiring Memorex Corporation (Memorex) to perform the terms of the agreement.

Copylease complains that Memorex refuses to sell to it except at prices higher and quantities less than it is entitled to under their agreement of April 4, 1974.

Memorex defends on several grounds. First, it alleges that since its product is readily available to Copylease both from itself and from other manufacturers, Copylease's sole injury, if any, is remediable by an award of damages, rendering injunctive relief unnecessary and inappropriate. Second, it asserts that Copy-lease has not demonstrated that it will probably succeed on the merits. It is Memorex's position that the agreement of April 4, 1974 is no longer in force because (a) Copylease has not fulfilled the preconditions to its right to exercise its option to renew after the expiration of the original term; (b) that under § 2309(1) of the Uniform Commercial Code of California (the agreement provides that California law governs) the initial term of the contract runs for a reasonable time only and cannot be extended by the unilateral assertion of the plaintiff; (c) that under § 2309(2) of the California Uniform Commercial Code, if the contract be regarded as contemplating continuing performance but indefinite in duration, it is valid for a reasonable time only and (d) citing *Shannon v. Civil Service Employees Ins. Union,* 169 Cal.App.2d 79, 337 P.2d 136, 138 (1959), that if the contract be regarded as one in perpetuity it is against the public policy of California.

Finally, Memorex argues that no injunctive relief is appropriate because Memorex has constantly represented to Copylease and to the court that it will continue to deal with Copylease "as a conventional dealer upon such terms and conditions as are generally available to dealers similarly situated." Cotroneio Affidavit, Paragraph 13; Getzler Affidavit, dated May 28, 1975, Exhibit XI; and Memorex Memorandum in opposition to the motion dated June 9, 1975, page 13.

Copylease responds that the case is not one for damages only because, in reliance on the contract, it has spent substantial monies promoting the Memorex products and has entered into hundreds of contracts throughout the country by which it has bound itself to deliver Memorex products; accordingly, unless Memorex delivers to it sufficient products to cover the contracts, Copylease's business reputation among its customers and in the industry will be irreparably damaged in a manner not compensable by an

award of money damages. In addition, Copylease vigorously asserts that the agreement is valid under California law, and contends that Memorex's willingness to furnish it with Memorex products "upon such terms and conditions as are generally available to dealers similarly situated" does not measure up to the terms of the agreement which entitle it to buy at lower prices than are currently being charged and in quantities sufficient to meet its requirements, whatever they may be.

■■ The party moving for what is classically described as the "extraordinary" remedy of preliminary injunctive relief:

". . . 'assume[s] the burden of demonstrating *either* a combination of probable success and the possibility of irreparable injury or that [it has] raised serious questions going to the merits and that the balance of hardships [tips] sharply in [its] favor.' *Stark v. New York Stock Exchange,* 466 F.2d 743, 744 (2 Cir. 1972) (emphasis added); *Checker Motors Corp. v. Chrysler Corp.,* 405 F.2d 319, 323 (2 Cir.), cert. denied, 394 U.S. 999, 89 S.Ct. 1595, 22 L.Ed.2d 777 (1969)." *Pride v. Community School Board,* 488 F.2d 321, 324 (2d Cir. 1973), *quoting Pride v. Community School Board,* 482 F.2d 257, 264 (2d Cir. 1973).

Copylease has not met its burden. It complains that Memorex is charging it prices higher than those it is required to pay under the contract. Assuming, under California law, that the agreement continues in force, this branch of the complaint is remediable in damages and affords no basis for injunctive relief.

■■ The other branch of its complaint, that under the contract Memorex is obligated to fill Copylease's requirements, and that its failure to do so will prevent Copylease from fulfilling contracts with its own customers, thereby irreparably injuring its business reputa-

tion, might constitute grounds for equitable relief if Copylease had demonstrated the probability of its succeeding on the merits as to this issue. However, Copylease has failed to do so. Paragraph 1 of the contract provides:

"Memorex will sell to Graphicom [Copylease's predecessor in interest] the products specified in Exhibits A, B and C attached hereto and made a part hereof by reference, (the "products"), from time to time, when ordered by Graphicom during the term of this Agreement . . ."

Copylease contends that the quoted provision constitutes a "requirements" agreement obliging Memorex to fill all orders placed by Copylease. We disagree with such a construction and in any event do not believe that Copylease has demonstrated that it will probably succeed on the merits of this question. The complete language of the sentence relied upon by Copylease reads:

"Memorex will sell to Graphicom the products specified in Exhibits A, B and C attached hereto and made a part hereof by reference (the 'products'), from time to time, when ordered by Graphicom during the term of this Agreement, on the terms and conditions hereinafter set forth, provided, however, that Memorex must sell and Graphicom must buy not less than 15,000 cartons of the product described on Exhibit A during the initial term hereof."

Memorex argues that the language in question was intended to mean only that Copylease was not required to buy specified quantities on a fixed schedule, so long as it purchased at least 15,000 cartons during the initial term of the agreement and we find this to be a reasonable construction of the contract language. Moreover, we agree with Memorex that if the parties had intended the agreement to be a requirements contract obliging Memorex to supply whatever quantities Copylease needed, they would,

**856**

in accordance with normal business usage, have stated this to be the case. In any event, however, § 2306(1) of the Commercial Code of California indicates that the contract does not entitle Copylease to purchase unlimited quantities from Memorex, nor obligate Memorex to furnish them. Section 2306(1) reads:

"A term which measures the quantity by the output of the seller or the requirements of the buyer means such actual output or requirements as may occur in good faith, except that no quantity unreasonably disproportionate to any stated estimate or in the absence of a stated estimate to any normal or otherwise comparable prior output or requirements may be tendered or demanded."

Copylease in effect argues that the language of paragraph 1 of the agreement is a "term which measures the quantity by . . . the requirements of the buyer . . ." Assuming that this is so, since the contract contains no "stated estimate" within the meaning of § 2306(1) Memorex cannot be called upon to furnish Copylease a "quantity unreasonably disproportionate . . . to any normal or otherwise comparable prior . . . requirements . . ." We assume that Memorex's representation that it will continue to furnish plaintiff with its products "upon such terms and conditions as are generally available to dealers similarly situated" implies that it will furnish Copylease with its products in quantities reasonably proportionate to Copylease's normal or otherwise comparable prior requirements.

For the reasons set forth above, the motion for a preliminary injunction is denied without prejudice to renewal in the event that Memorex refuses or fails to furnish Copylease with the products covered by the agreement of April 4, 1974 in quantities reasonably proportionate to Copylease's normal or otherwise comparable prior requirements.

It is so ordered.